IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In The Matter Of The Personal Restraint Of:<br><br>JEROME LENORDA POWELL II,<br><br>               Petitioner. | No. 82809-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

PER CURIAM — In this personal restraint petition (PRP) proceeding, Jerome Powell challenges legal financial obligations (LFOs) imposed in the following Whatcom County Superior Court cause numbers: 03-1-00465-3, 03-1-00353-3, 05-1-01238-5, 07-1-00102-9, 16-1-01013-2, 19-1-01175-37 (the 2019 matter), and 20-1-00437-37 (the 2020 matter). Powell argues that in each case, the sentencing court erroneously imposed LFOs without considering Powell's ability to pay. He also asserts that he is entitled to relief under RCW 10.01.160(4)[1] and that, although he sent motions to the superior court seeking relief under that statute, the clerk's office did not file the motions.

In its response, the State correctly observes that, with regard to the 2020

---

[1] RCW 10.01.160(4) provides,

A defendant who has been ordered to pay costs and who is not in contumacious default in the payment thereof may at any time after release from total confinement petition the sentencing court for remission of the payment of costs or of any unpaid portion thereof. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or the defendant's immediate family, the court may remit all or part of the amount due in costs, modify the method of payment . . . , or convert the unpaid costs to community restitution hours. . . . Manifest hardship exists where the defendant is indigent as defined in RCW 10.101.010(3)(a) through (c)."

Citations and pin cites are based on the Westlaw online version of the cited material.

matter, the sentencing court imposed only a mandatory victim assessment fee. So, Powell cannot show that the LFOs imposed in therein constitute an unlawful restraint entitling him to relief. See RAP 16.4(a) (appellate court will grant relief in a PRP proceeding only if petitioner is under unlawful restraint); see also State v. Mathers, 193 Wn. App. 913, 918-19, 376 P.3d 1163 (2016) (victim assessment fee is mandatory notwithstanding defendant's ability to pay); State v. Shirts, 195 Wn. App. 849, 858 n.7, 381 P.3d 1223 (2016) ("Mandatory LFOs are not 'costs' under RCW 10.01.160(1) and (2), and therefore, they are not subject to a motion to remit under RCW 10.01.160(4)."). We deny Powell's PRP as it relates to the 2020 matter.[2]

With regard to the 2019 matter, the State acknowledges that Powell was sentenced in the 2019 matter after the effective date of the 2018 amendments to the LFO statutes that "prohibit[ed] courts from imposing discretionary costs on a defendant who is indigent at the time of sentencing." State v. Ramirez, 191 Wn.2d 732, 746, 426 P.3d 714 (2018). Those amendments also prohibited the

---

[2] Powell previously filed a separate PRP arguing that he is entitled to resentencing in the 2020 matter pursuant to State v. Blake, 197 Wn.2d 170, 491 P.3d 521 (2021). The Acting Chief Judge of this court transferred that petition to Whatcom County Superior Court to determine what effect, if any, the Blake decision has on the judgment and sentence in the 2020 matter. See Order Transferring Personal Restraint Petition To Superior Court For Determination On The Merits, In re PRP of Powell, No. 82717-1 (Wash. Ct. App. Aug. 2, 2021). Based on available court records, it appears that although a Blake resentencing was initially set in September 2021, it has since been reset, and then stricken.

After the State filed its response to the instant PRP, Powell filed additional documents in this court in which he appears to request that his Blake resentencing occur in his absence and that the resentencing court revoke his drug offense sentencing alternative sentence. These requests should be directed to the resentencing court. Accordingly, we do not consider them. They will be placed in this court's file without action.

imposition of interest on nonrestitution LFOs.  LAWS OF 2018, ch. 269, § 1.  The State concedes that Powell was indigent when he was sentenced in the 2019 matter, and it indicates it has no objection to remanding to the superior court to strike interest accrual on nonrestitution LFOs and to strike nonmandatory LFOs from the judgment and sentence therein.  Accordingly, we remand the 2019 matter to the superior court with directions to do so.

As to the remaining matters, the State indicates that it is satisfied Powell remains indigent and that it does not object to remanding these matters to Whatcom County Superior Court for remission hearings.[3]  Accordingly, we direct the superior court to, on remand, consider Powell's PRP as a request for relief under RCW 10.01.160(4), taking into account the State's acknowledgment that Powell remains indigent.

In sum, we deny Powell's PRP as to the 2020 matter, and we grant Powell's PRP in part as to the remaining matters to the extent set forth above.

_____

_____

Appelwick, J.
_____

---

[3] The State also indicates it has no objection to an order directing that certain matters be "removed" from collections pending these remission hearings.  We decline to enter such an order.